UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER,

                  Plaintiff,

          -against-

COUNTY OF NASSAU, MICHAEL J.
SPOSATO, Sheriff, MICHAEL GOLIO,
Captain, INV. GARCIA, INV. JANE
DOE, INV. MORRIS, INV. HENDERSON,
INV. JOHN DOE, CORPORAL JOHN DOE,
CORPORAL MARCIANO, CORR. OFFICER
HARVEY, CORR. OFFICER MURPHY,
CORR. OFFICER MENDEZ, CORR.
OFFICER JOHN DOE #1, CORR. OFFICER
HUBER, CORR. OFFICER BAUER, CORR.
OFFICER JOHN DOE #2, CORR. OFFICER
JOHN DOE #3, CORR. OFFICER JOHN DOE
#4, CORR. OFFICER DeMANITO, and
CORR. OFFICER BARRETTI,

                Defendants.
----------------------------------X

ORDER
12-CV-4430(JS)(WDW)

FILED
CLERK

9/21/2012 10:55 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

APPEARANCES:
For Plaintiff:      Daniel Miller, <u>Pro Se</u>
                   12003565
                   Nassau County Correctional Center
                   100 Carman Ave.
                   East Meadow, NY 11554

For Defendants:    No appearances

SEYBERT, District Judge:

         Incarcerated <u>pro se</u> plaintiff Daniel Miller

("Plaintiff")[1] filed a Complaint in this Court on September 4, 2012

---

[1] Plaintiff is no stranger to this Court.  Between 2000 and his
filing of the instant case on September 4, 2012, Plaintiff has
filed nineteen (19) <u>in forma pauperis</u> civil actions, almost all
of which have been dismissed: <u>Miller v. U.S.</u>, 00-CV-3088 (CBA)
(withdrawn); <u>Miller v. County of Nassau</u>, 00-CV-6124(JS)(WDW)
(dismissed for failure to state a claim upon which relief may be
granted); <u>Crosby v. Walsh</u>, 03-CV-4897(ARR) (dismissed <u>in forma
pauperis</u> complaint filed by four inmates, including Miller, for

pursuant to 42 U.S.C. § 1983 ("Section 1983") against the
defendants, accompanied by an application to proceed in forma
pauperis. Plaintiff complains that he has been the victim of
discrimination because he is a "voo doo practicioner [sic]" and a
"member of the Santeria Religion" as well as a cooperating witness
against a correctional staff member, and an accused sex offender
who is perceived to be homosexual. Compl. at pages 2, 12-13.
Plaintiff claims that between April 21, 2012 and August 3, 2012,
he has been assaulted, threatened, harassed and annoyed by the
Defendants.

Because Plaintiff has had "three strikes" pursuant to 28
U.S.C. § 1915(g), and has not alleged that he is "under imminent
danger of serious physical injury," his application to proceed in

---

failure to state a claim); Miller v. Reilly, 05-CV-0611 (JS)
(WDW) (settled); Miller v. County of Nassau, 467 F. Supp. 2d 308
(E.D.N.Y. 2006) (dismissed for failure to state a claim upon
which relief may be granted); Miller v. Reilly, 06-CV-3727(ADS)
(settled); Miller v. Reily, 06-CV-6485(JS) (withdrawn); Miller v.
Zerillo, 07-CV-1687(JS)(WDW)(dismissed as moot and unexhausted
under the PLRA); Miller v. Zerillo, 07-CV-1719(JS) (dismissed as
moot and unexhausted under the PLRA); Miller v. Lindsay, 07-CV-
2556(JS) (dismissed as moot); Miller v. Alexander, 07-CV-3533(JS)
(dismissed as moot); Miller v. Reilly, 08-CV-1863 (TCP)(dismissed
as unexhausted and moot); In re Daniel Miller, 12-MC-0512(JBW)
(case closed by Order dated August 6, 2012 and Plaintiff's
submission concerning "Terrorist Acts" was forwarded to the U.S.
Marshal); Miller v. Spizatto, 12-CV-2511 (JS) (dismissed
unexhausted § 2241 petition claiming excessive bail); Miller v.
County of Nassau, 12-CV-4164 (JS)(WDW); Miller v. Smith, 12-CV-
4378 (JS)(WDW); Miller v. County of Nassau, 12-CV-4466(JS)(WDW).
Moreover, since the filing of the instant action, Plaintiff has
filed two (2) more in forma pauperis complaints: Miller v. County
of Nassau, 12-CV-4549(JS)(WDW) and Miller v. County of Nassau,
12-CV-4550(JS)(WDW).

forma pauperis is denied. **Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

DISCUSSION

28 U.S.C. § 1915(g) bars prisoners from proceeding in forma pauperis after three or more previous claims have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has at least five disqualifying actions.[2]

---

[2] Consistent with the Second Circuit's instruction, the Court has relied on the docket reports for the cases that pre-date electronic case filing ("ECF") to conclude that each of the prior dismissals are "strikes" in accordance with § 1915(g)'s criteria. See Harris v. City of New York, 607 F.3d 18, 23-24 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, however, suggests that courts have an affirmative obligation to examine actual orders of dismissal.") (citing Thompson v. Drug Enforcement Admin., 492 F.3d 428, (D.C. Cir. 2007) (accepting docket reports indicating that prior dismissals satisfied at

See <u>Miller v. County of Nassau</u>, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); <u>Miller v. Carpinello</u>, 06-CV-12940 (LAP), 2007 WL 4207282 (S.D.N.Y. Nov. 20, 2007) (dismissed for failure to state a claim upon which relief may be granted); <u>Crosby v. Walsh</u>, 03-CV-4897(ARR) (E.D.N.Y. Feb. 11, 2005) (dismissed for failure to state a claim on which relief may be granted); <u>Miller v. County of Nassau</u>, 00-CV-6124(JS)(WDW) (dismissed for failure to state a claim upon which relief may be granted); <u>Miller v. Menifee</u>, 01-CV-8414 (MBM) (dismissed as frivolous); <u>Miller v. U.S.A.</u>, 00-CV-2082 (TPG) (S.D.N.Y.) (dismissed for failure to state a claim upon which relief may be granted).

Moreover, Plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." <u>Chavis v. Chappius</u>, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1) whether the imminent danger alleged is fairly traceable to the

---

least one of the § 1915(g) criteria for a strike); <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike") (add'l citation omitted)).

unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress the injury. Id. at 298-99. The imminent harm must also exist at the time the complaint is filed. Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010). Here, Plaintiff does not allege any facts indicating that he faces any danger of any physical injury nor can the Court reasonably construe his allegations to support a finding that he was under imminent danger of serious injury at the time he filed this action. None of the conduct described in the Complaint rises to a level where a danger of serious harm exists and largely consists of name-calling. Moreover, all of the conduct described occurred over a four-month period ending on August 3, 2012 and there are no allegations suggesting that an imminent danger of serious injury existed at the time the Complaint was filed on September 4, 2012. See, e.g., Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); Saia v. Williams, No. 10-CV-0624(RNC), 2011 WL 3962269, *1 (D. Conn. Mar. 31, 2011) ("[A]llegations of past wrongs do not show an imminent danger existed when this action was brought."). Accordingly, given Plaintiff's long history of vexatious litigation, and in the absence of any claim concerning a danger of imminent serious physical injury, Plaintiff is now barred from

filing this case in forma pauperis and his application is thus DENIED.

CONCLUSION

Accordingly, Plaintiff's application to proceed in forma pauperis is denied. **Plaintiff is directed to pay the Court's $350.00 filing fee within fourteen (14) days of the date of this Order, and his failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: September   21  , 2012
        Central Islip New York